Receipt #064024

ORIGINAL

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR - 1 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| S & M MANAGEMENT INCORPORATED | ) | |
| Plaintiff, | ) | |
| V. | ) | |
| THE UNITED STATES OF AMERICA (DEPARTMENT OF VETERANS AFFAIRS) | ) | No. 06-155 C |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, by its attorneys, McCullough, Goldberger & Staudt, LLP, as and for its Complaint against the Defendant, alleges as follows:

1. Plaintiff, S & M Management Incorporated ("S & M Management") is a Pennsylvania corporation with a registered office address at US Routes 6 & 209, Milford Pennsylvania, 18337-0, situated in the State of Pennsylvania, County of Pike.

2. Defendant, Department of Veterans Affairs ("DVA") is a Department of the United States Government, with a place of business at 130 West Kingsbridge Road, Bronx, New York 10468.

3. That jurisdiction and venue is proper pursuant to the Contracts Dispute Act of 1978, as amended 41 U.S.C. § 609.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA**

4. S & M Management and DVA entered into a construction contract, numbered V10N3D-067, Project No. 620-98-127 (the "Contract"). Pursuant to the

Contract, S & M Management agreed to perform certain work for DVA at the VA Hudson Valley Healthcare System, Castle Point Campus, Castle Point, NY, including the replacement of lateral steam lines.

5. S & M Management performed all of its duties pursuant to the Contract. DVA, however, refused to pay, alleging that S & M Management had not performed all of its contractual obligations. In a letter written to Archie L. Mosley ("Mosley"), a Contracting Officer of DVA, by John T. Stieh, Esq. ("Stieh"), S & M Management's former counsel, dated February 21, 2002, Stieh set forth how S & M Management had performed all of its obligations pursuant to the Contract, and should be paid in full for all monies due. A copy of Stieh's letter to Mosley, dated February 21, 2002 is annexed hereto as Exhibit A, and the text of which is incorporated herein by reference. The approximate balance of the monies due and owning to S & M Management, by DVA, pursuant to the work performed by S & M Management under the Contract, is $78,000. DVA has breached its contractual duties, inter alia, by its failure to pay S & M Management in full, for the work performed pursuant to Contract.

6. Disputes between the parties are governed by paragraph 52.233-1 of the Contract, as well as the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613) ("The Contracts Dispute Act"). Pursuant to paragraph 52.233-1 of the Contract, a claim may be made by a Contractor seeking monies owed pursuant to the Contract, and such claim must 1) include a written demand for payment, and 2) be submitted to the Contracting Officer within 6 years after the accrual of the claim. On or about August 5, 2002, pursuant to, and in compliance with paragraph 52.233-1 of the Contract,

Salvatore Sciascia, ("Sciascia") on behalf of S & M Management sent a written demand letter (the "Demand Letter") to Mosley, demanding payment in the full amount due to S & M Management pursuant to the Contract. A copy of the demand letter is attached hereto as Exhibit B. The Demand Letter expressly stated that S & M Management was asserting its rights pursuant to paragraph 52.233-1 of the Contract, and that "[d]emand is made upon [DVA] to approve the claim of S & M Management for payment in the full amount due to S & M Management pursuant to its contract." (See Exhibit B).

7. Paragraph 52.233-1 further provides that, in the event that the Contractor requests the Contracting Officer to render a decision within 60 days of the request, the Contractor must decide the claim or notify the Contractor when such decision will be made within such 60 day time period. Accordingly, S & M specifically included in the Demand Letter a request that the Contracting Officer render a decision within 60 days of the letter (See Exhibit B). Mosley did not respond until February 25, 2003, when upon such date Mosley sent Sciascia a letter (the "February 25 Letter") which not only failed to provide either a decision on the matter or notice as to when DVA would reach a decision, but denied that DVA had even made a claim pursuant to the Contract. A copy of the February 25 Letter is attached hereto as Exhibit C. On or about March 24, 2003, Edmund C. Grainger, III, Esq., S & M Management's current counsel, sent a letter to Mosley (the "March 24 Letter"), reinforcing S & M Management's position that it had made a claim pursuant to the Contract, and that S & M Management is owed full payment pursuant to the Contract. A copy of the March 24 Letter is attached hereto as Exhibit D.

8. Based on the foregoing, S & M Management has fully complied with the requirements of paragraph 52-233-1 of the Contract, as well as The Contracts Dispute Act. Section 605 (c) (5) of The Contracts Dispute Act states that "any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize commencement of the appeal or suit on the claim." Accordingly, S & M Management brings this current action based upon the failure of any Contracting Officer of the DVA to render a decision on the claim put forth by S & M Management.

9. By virtue of the foregoing, S & M Management has been damaged in an amount presently unknown, but believed to be in excess of $78,000, together with interest thereon, and S & M Management should also be awarded its reasonable attorneys fees and disbursements.

WHEREFORE, the plaintiff demands judgment as follows:

a) Against The United States of America on the first cause of action in an amount to be determined but no less than $78,000;

b) for such other and further relief as this Court deems appropriate, including but not limited to declaratory and injunctive relief, an award of attorneys fees, costs and disbursements and punitive damages.

Dated: White Plains, New York
February 23, 2006

McCULLOUGH, GOLDBERGER & STAUDT, LLP

By: [signature]
Mark Giacopelli
Attorneys for Plaintiff
1311 Mamaroneck Avenue - Suite 340
White Plains, New York 10605
(914) 949-6400
Fax: (914) 949-2510

TO: Clerk, U.S. Court of Federal Claims
717 Madison Place, NW, Room 103
Washington, DC 20005

Department of Veterans Affairs
130 West Kingsbridge Road
Bronx, New York 10468