IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| S&M MANAGEMENT INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-155C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In compliance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this Joint Preliminary Status Report.

**(A)** Does the court have jurisdiction over the action?

Plaintiff believes that this Court possesses jurisdiction to entertain this action pursuant to the Contract Disputes Act, 41 U.S.C. § 609. Defendant is currently unaware of any reason why this Court would lack subject matter jurisdiction to entertain plaintiff's complaint.

**(B)** Should the case be consolidated with any other case and, if so, why?

No party is aware of any case with which this case should be consolidated.

**(C)** Should trial of liability and damages be bifurcated and, if so, why?

Assuming the case is tried, the parties are not currently aware of any reason that the trial should be bifurcated.

**(D)** Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

The parties are not currently aware of any reason why proceedings in this case should be

deferred pending consideration of another case before this Court or any other tribunal. The parties are not aware of any related cases in this or any other tribunal.

**(E)** In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No party presently anticipates seeking a remand or suspension.

**(F)** Will additional parties be joined?

At this time, no party anticipates joining any additional parties.

**(G)** Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Plaintiff does not presently intend to file any such motions.

Defendant anticipates filing a motion for summary judgment in this matter by December 1, 2006.

**(H)** What are the relevant factual and legal issues?

Based upon a current review of the case, the parties believe the relevant issues are as follows:

1. Whether, pursuant to contract documents, plaintiff was required to install compensators in various manholes and "Building Number 1."
2. Whether, pursuant to contract documents, plaintiff was required to install a valve in "Manhole 25."
3. Whether, pursuant to contract documents, plaintiff was required to install certain manholes in a particular manner.
4. Whether, pursuant to contract documents, plaintiff was required to use a particular kind of insulation on certain pipes.

5. Whether, pursuant to contract documents, plaintiff was required to replace a compensator in a particular manhole.
6. Whether plaintiff is entitled to damages, and, if so, what amount of damages.

**(I)** <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated?</u>

The parties have not yet engaged in settlement discussions, and are agreed that they cannot at this time predict the likelihood of settlement.

**(J)** <u>Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?</u>

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. No party requests expedited trial scheduling.

**(K)** <u>Are there special issues regarding electronic case management needs?</u>

There are no special issues at this time regarding electronic case management needs.

**(L)** <u>Is there other information of which the court should be aware at this time?</u>

There is no other information of which the court should be aware at this time.

**<u>Discovery</u>**

As noted above, defendant intends to file a motion for summary judgment on or before December 1, 2006. It is anticipated that the Government's motion will address issues of contract interpretation, a question of law particularly well-suited to summary disposition. <u>See</u> <u>Thermal Electronic, Inc., v. United States</u>, 25 Cl.Ct. 671, 672 (1992). Accordingly, the parties propose that (other than initial disclosures pursuant to RCFC 26(a)(1), which will be exchanged within 30 days of this report), all discovery be stayed until the Court rules upon the Government's motion.

Respectfully submitted,

McCULLOUGH, GOLDBERGER &
STAUDT, LLP

By:
s/ Edmund C. Grainger III
1311 Mamaroneck Avenue
Suite 340
White Plains, NY 10605
Tele: (914) 949-6400
Fax: (914) 949-2510

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Sean B. McNamara
SEAN B. McNAMARA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, DC 20005
Tele: (202) 305-7573
Fax: (202) 514-8624

Attorneys for Defendant

Dated: August 14, 2006

**CERTIFICATE OF FILING**

I hereby certify that on August 14, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sean B. McNamara
SEAN B. McNAMARA