**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| S & M MANAGEMENT INCORPORATED<br><br>Plaintiff,<br><br>V.<br><br>THE UNITED STATES OF AMERICA<br>(DEPARTMENT OF VETERANS AFFAIRS)<br><br>Defendant. | No. 06-155C<br>(Judge Hodges)<br><br>**AFFIDAVIT** |

EDMUND C. GRAINGER, being duly sworn, deposes and says:

1. I am an associate in the firm of McCullough, Goldberger & Staudt, LLP, attorneys for the plaintiff, S&M Management Incorporated ("S&M Management"), and am fully familiar with all prior pleadings and proceedings had herein. This affidavit is respectfully submitted in support of S&M Management's motion for reconsideration in relation to this Court's Judgment, entered on July 18, 2007 (the "Judgment").

2. On or about March 1, 2006, S&M Management filed a Summons and Complaint in relation to this action with the Clerk of Court for the United States Court of Federal Claims (the "Court"). Mark Giacopelli, who is also an associate in the firm McCullough, Goldberger & Staudt, LLP, signed the Complaint. Subsequently, Mr. Giacopelli was contacted by a representative of the Court, who informed him that an attorney from this office needed to be admitted to the Court. On or about March 9, 2006, pursuant to the Court's directive, and in strict adherence to the rules and regulations of this Court, your affiant submitted an original Certificate of Good Standing of the Clerk of the United States Court of Appeals for the Second Circuit, two original letters in support of the application for admission, the original completed petition for

admission, and a check in the amount of $250.00. A copy of these materials that were submitted to this Court is attached hereto as Exhibit A. On or about March 31, 2006, at the request of Mr. Harold Wymbs, Esq. of the Court, your affiant submitted to the Court a certificate of good standing from the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department. A copy of the cover letter to Harold Wymbs, Esq., dated March 31, 2006, and the certificate of good standing from the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department are attached hereto as Exhibit B.

3. From that point on, I was the primary attorney handling this matter and was involved in every aspect of this case. On August 14, 2006, the parties filed a Joint Preliminary Status Report. Such report was signed for electronic purposes by Sean McNamara, Esq. ("McNamara") for the United States of America ("The United States"), and me, for S&M Management. Discovery was exchanged between the parties, and I was the attorney that conducted such discovery on S&M Management's behalf. Based upon my admission to this Court, and my involvement as the primary attorney for Plaintiff in this matter, it was my understanding that I was the attorney of record for this Plaintiff.

4. Moreover, prior to the commencement of this action I obtained an ECF account. It was my understanding that I would be notified via e-mail of any documents that were filed with ECF. I never was.

5. Since S&M Management filed the Complaint on March 1, 2006, The United States' answer was originally due by May 1, 2006. McNamara contacted this office and asked for an extension of time until June 30, 2006. As a professional

courtesy, we did not oppose such an extension. Pursuant to the aforesaid Preliminary Status Report, The United States was had until December 1, 2006 to file a motion for summary judgment. McNamara contacted this office and asked if we would consent to an extension of his time to file such motion until January 30, 2007. We consented to such extension. McNamara contacted this office once again, and asked for an extension to file the aforesaid motion for summary judgment until March 1, 2007. Again, we consented to such an extension. Subsequently, McNamara contacted this office for a third time, and asked for yet another extension of time to file the motion for summary judgment. Once again, we consented to such an extension.

6. At no time was this firm ever served, pursuant to Rule 5 of the Rules of the United States Court of Federal Claims, with any motion for summary judgment. It appears that The United States did file a motion, on the ECF system. No one from this firm received any notification of such filing.

7. Rule 5 of the Rules of the United States Court of Federal Claims ("RCFC") sets forth the ways in which one may serve and file pleadings and other papers. This rule applies to the service of:

> [E]very order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion, and every written notice, demand, offer of judgment, designation of record on appeal, and similar paper. See Rule 5 of the RCFC.

8. Pursuant to Rule 5 of the Rules of the U.S. Court of Federal Claims, service may be made by 1) personally delivering a copy to the person (See Rule 5(b)(2)(A) of the RCFC); 2) mailing a copy to the last known address of the person served (See Rule 5(b)(2)(B) of the RCFC); 3) leaving a copy with the Clerk of this Court

if the last known address of the person to be served is unknown (See Rule 5(b)(2)(C) of the RCFC); or 4) "[d]elivering a copy by any other means, including by electronic means, consented in writing by the person served" (See Rule 5(b)(2)(D) of the RCFC) (emphasis added).

9. "Service by electronic means under RCFC 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served" (See Rule 5(b)(3) of the RCFC).

10. It has come to my attention that on or about March 15, 2007, The United States filed its motion for summary judgment. This motion was not served pursuant to Rule 5 of the RCFC. I did not receive, nor did any representative of this office receive any e-mail notification that the aforesaid motion was filed with ECF.

11. Recently, this firm received the Judgment, which dismissed the Complaint for failure to prosecute. Upon receipt of the Judgment, Mr. Giacopelli contacted the office of the Clerk of Court to inquire about same. Mr. Giacopelli advised a representative of the Clerk's office that we were never served with, or provided notification of any activity of this case prior to receipt of the aforesaid Judgment. The representative of the Clerk's office informed Mr. Giacopelli that, despite the fact your affiant was the attorney admitted to this Court, and was the attorney handling this matter, he was not listed as the attorney of record. The representative further informed Mr. Giacopelli that since your affiant was not listed as the attorney of record, I was not e-mailed any notices of activity in this case. Moreover, Mr. Giacopelli was informed that since the Court did not have an e-mail address listed for him, no e-mail notification of any activity was sent to this firm at all.

12. Based upon the fact that I was the attorney that is listed on the Joint Preliminary Status Report, that filed the documents necessary to be admitted to this Court, and am registered with ECF, it was my understanding that I would be served with all documents pertaining to this matter and that I would be notified via e-mail when any document was filed by the Court. However, I was neither served with papers pursuant to Rule 5 of the RCFC nor notified via e-mail of any filings.

13. During Mr. Giacopelli's conversation with a representative from the Clerk's office, he inquired as to what must be done to ensure that your affiant (or any member of this firm) receives notification of the filing of all future documents in this matter. He was directed to file a motion to substitute counsel. Pursuant to this Court's directive, we have filed a motion to substitute counsel so that the Court's records will clearly reflect that I am the attorney of record for this matter, and that I should be notified via e-mail of the filing of any documents in connection with this matter.

14. Defendant, which has been given numerous adjournments to make its motion for summary judgment would certainly not be prejudiced by this Court providing Plaintiff with time to oppose such motion, and to have this case decided on the merits.

15. Based upon the fact that this firm was never served with The United States' motion for summary judgment, and that no representative of this firm ever received notification of the filing of same, S&M Management respectfully requests that this Court grant this instant motion for reconsideration, vacate the Judgment, and enter a judgment allowing S&M Management 60 days to oppose The United States' motion for summary judgment.

Edmund C. Grainger, III

Sworn to before me this
27th day of July, 2007

Notary Public

PATRICIA W. GURAHIAN
Notary Public, State of New York
No. 02GU6042413
Qualified in Westchester County
Commission Expires May 22, 20__

PATRICIA W. GURAHIAN
Notary Public, State of New York
No. 02GU6042413
Qualified in Westchester County
Commission Expires May 22, 2010

# Exhibit A

F

McCULLOUGH, GOLDBERGER & STAUDT, LLP
ATTORNEYS AT LAW
1311 MAMARONECK AVENUE, SUITE 340
WHITE PLAINS, NEW YORK
10605

(914) 949-6400
FAX (914) 949-2510

FRANK S. McCULLOUGH, JR.
CHARLES A. GOLDBERGER
JAMES STAUDT
WILLIAM SIMON
LINDA B. WHITEHEAD

JOANNA C. FELDMAN
MARK P. GIACOPELLI
DEBORAH A. GOLDBERGER
EDMUND C. GRAINGER, III
PATRICIA W. GURAHIAN
STEVEN L. KAY
SETH M. MANDELBAUM
JOHN P. MESSINA
RUTH F-L. POST

BENJAMIN I. TAYLOR (1911-1988)
JULIAN LIBERMAN (1911-1989)
FRANK S. McCULLOUGH (1905-1998)
EVANS V. BREWSTER (1920-2005)

OUR FILE NO.

March 9, 2006

Via Certified Mail/RRR

Clerk of Court
U.S. Court of Federal Claims
717 Madison Place, NW
Washington, DC 20005-1011

Arnold Wymbs

Dear Sir:

Enclosed please find the original Certificate of Good Standing of the Clerk of the United States Court of Appeals for the Second Circuit, the original two letters required for admission, the original completed petition for admission and our check in the amount of $250.00.

I am also enclosing a self-addressed, postage-paid envelope for the return of a certificate in this matter.

Thank you for your assistance in this matter. If there are any questions or concerns regarding this, please do not hesitate to contact me.

Sincerely yours,

Lynne

Lynne Luetzel
For Edmund C. Grainger, III

7004 2510 0006 2654 2596

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Washington, DC 20005-1011

| | |
|---|---|
| Postage | $ 1.63 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.88 |

Postmark Here

3-10-06

Sent To: Clerk of Court, US Court of Federal Claims
Street, Apt. No.; or PO Box No.: 717 Madison Place, NW
City, State, ZIP+4: Washington, DC 20005-1011

1936

McCULLOUGH, GOLDBERGER & STAUDT, LLP
SPECIAL ACCOUNT

50-7208/2219

DATE March 9, 2006

Pay to the order of Clerk, United States Court of Federal Claims $ 250.00

TWO HUNDRED AND FIFTY------------------------------------------------ xx/100 DOLLARS

Sound Federal
300 Mamaroneck Avenue
Mamaroneck, NY 10543
914-698-6400

FOR General Office Expense

C. J. Cordell

⑈001936⑈ ⑆221972085⑆ 50⑈900122⑈8⑈

IN THE MATTER OF THE PETITION OF
Edmund C. Grainger, III
*(Please print/type your full name on the above line)*

***FOR ADMISSION TO PRACTICE IN***
***THE UNITED STATES COURT OF FEDERAL CLAIMS***

***TO THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES COURT OF FEDERAL CLAIMS:***

The petitioner, Edmund C. Grainger, III, respectfully shows this court:

That he is a resident of the city of Carmel, the state of New York, and that petitioner on the date of February 1977 was duly licensed and admitted to practice as an attorney at law in the App. Div 2nd Dept. New York (highest state court), and is now a member of the bar thereof and in good standing.

*WHEREFORE, said petitioner herein prays that he may be admitted to practice in the United States Court of Federal Claims in accordance with the laws and rules applicable thereto.*

*I, EDMUND C. GRAINGER, III DO SOLEMNLY SWEAR THAT I WILL SUPPORT THE CONSTITUTION OF THE UNITED STATES AND THAT I WILL CONDUCT MYSELF IN AN UPRIGHT MANNER AS AN ATTORNEY OF THIS COURT.*

*I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)* ____________________. (28 U.S.C. § 1746)

[signature]
Signature

Address (including firm if applicable):

McCullough, Goldberger & Staudt, LLP

1311 Mamaroneck Avenue, Suite 340

White Plains, New York 10605

Phone: (914) 949-6400 Fax: (914) 949-2510

E-mail address: egrainger@mgslawyers.com

---

***Attorney Pro Bon Appointment Registration for Pro Se Cases:***

☐ I am willing to be appointed counsel for *pro se* plaintiffs on a *pro bono* basis.

McCULLOUGH, GOLDBERGER & STAUDT, LLP
ATTORNEYS AT LAW
1311 MAMARONECK AVENUE, SUITE 340
WHITE PLAINS, NEW YORK
10605

(914) 949-6400
FAX (914) 949-2510

FRANK S. McCULLOUGH, JR.
CHARLES A. GOLDBERGER
JAMES STAUDT
WILLIAM SIMON
LINDA B. WHITEHEAD

JOANNA C. FELDMAN
MARK P. GIACOPELLI
DEBORAH A. GOLDBERGER
EDMUND C. GRAINGER, III
PATRICIA W. GURAHIAN
STEVEN L. KAY
SETH M. MANDELBAUM
JOHN P. MESSINA
RUTH F-L. POST

BENJAMIN I. TAYLOR (1911-1988)
JULIAN LIBERMAN (1911-1989)
FRANK S. McCULLOUGH (1905-1998)
EVANS V. BREWSTER (1920-2005)

March 9, 2006

OUR FILE NO.

Clerk of Court
717 Madison Pl., NW
Washington, DC 20005-1011

Dear Sir or Madam:

I write this letter in reference to the application of Edmund C. Grainger, III, for admission to the United States Federal Court of Claims. I am currently a member of the bar of the Supreme Court of the United States. I have personally known Mr. Grainger for just over seven years and believe that he possesses all of the qualifications required for admission to this Court. I am not related to Mr. Grainger.

Upon examination of Mr. Grainger's application, I affirm that he has outstanding personal and professional character, and that his standing is good. Accordingly, I recommend that he be admitted to the United States Federal Court of Claims.

Yours truly,

William Simon

McCULLOUGH, GOLDBERGER & STAUDT, LLP
ATTORNEYS AT LAW
1311 MAMARONECK AVENUE, SUITE 340
WHITE PLAINS, NEW YORK
10605

(914) 949-6400
FAX (914) 949-2510

FRANK S. McCULLOUGH, JR.
CHARLES A. GOLDBERGER
JAMES STAUDT
WILLIAM SIMON
LINDA B. WHITEHEAD

JOANNA C. FELDMAN
MARK P. GIACOPELLI
DEBORAH A. GOLDBERGER
EDMUND C. GRAINGER, III
PATRICIA W. GURAHIAN
STEVEN L. KAY
SETH M. MANDELBAUM
JOHN P. MESSINA
RUTH F-L. POST

BENJAMIN I. TAYLOR (1911-1988)
JULIAN LIBERMAN (1911-1989)
FRANK S. McCULLOUGH (1908-1998)
EVANS V. BREWSTER (1920-2005)

March 9, 2006

OUR FILE NO.

Clerk of Court
717 Madison Pl., NW
Washington, DC 20005-1011

Dear Sir or Madam:

I write this letter in reference to the application of Edmund C. Grainger, III, for admission to the United States Federal Court of Claims. I am currently a member of the bar of the Supreme Court of the United States. I have personally known Mr. Grainger for approximately forty years and believe that he possesses all of the qualifications required for admission to this Court. I am not related to Mr. Grainger.

Upon examination of Mr. Grainger's application, I affirm that he has outstanding personal and professional character, and that his standing is good. Accordingly, I recommend that he be admitted to the United States Federal Court of Claims.

Yours truly,

Frank McCullough

# Exhibit B

F

McCullough, Goldberger & Staudt, LLP
Attorneys at Law
1311 Mamaroneck Avenue, Suite 340
White Plains, New York
10605

(914) 949-6400
Fax (914) 949-2510

Frank S. McCullough, Jr.
Charles A. Goldberger
James Staudt
William Simon
Linda B. Whitehead

Joanna C. Feldman
Mark P. Giacopelli
Deborah A. Goldberger
Edmund C. Grainger, III
Patricia W. Gurahian
Steven L. Kay
Seth M. Mandelbaum
John P. Messina
Ruth F-L. Post

Benjamin I. Taylor (1911-1988)
Julian Liberman (1911-1989)
Frank S. McCullough (1905-1998)
Evans V. Brewster (1920-2005)

Our File No. 2679.03

March 31, 2006

Harold Wymbs, Esq.
U. S. Court of Federal Claims
717 Madison Place, NW
Washington, DC 2005-1011

Dear Mr. Wymbs:

Enclosed as you requested is a certificate of good standing from the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department.

If you need anything further, please don't hesitate to contact me. Thank you for your courtesy and cooperation.

Very truly yours,

Edmund C. Grainger, III

ECG:ll
Enc.

# Appellate Division of the Supreme Court
## of the State of New York
## Second Judicial Department

I, James Edward Pelzer, Clerk of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, do hereby certify That **Edmund C. Grainger III** was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of the State, according to the laws of the State and the court rules and orders, on the **9 th** day of **February 1977** has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in my office, has duly registered with the administrative office of the courts, and according to the records of this court is in good standing as an attorney and counselor at law.

In Witness Whereof, I have hereunto set my hand and affixed the seal of said Appellate Division on **March 29, 2006**

James Edward Pelzer

Clerk