**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| S & M MANAGEMENT INCORPORATED | ) | |
| | ) | No. 06-155C |
| Plaintiff, | ) | (Judge Hodges) |
| | ) | |
| V. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| (DEPARTMENT OF VETERANS AFFAIRS) | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF SALVATORE SCIASCIA**

Pursuant to Title 28 United States Code Section 1746, I declare under penalty of perjury that the following is true and correct.

1. My name is Salvatore Sciascia and I am the President of S&M Management Incorporated ("S&M Management"), plaintiff in the above-captioned action. On or about September 29, 1999, the Department of Veterans Affairs (the "DVA"), a department of the defendant, the United States of America (the "United States") awarded S&M Management a construction contract (the "Contract") to perform work on premises located at the VA Hudson Valley Healthcare System, Castle Point Campus, Castle Point, NY (the "Premises"). The Contract was initially for $598,000, and was later increased to $678,449.89. The United States and/or its representatives made all payments to S&M Management up until S&M Management submitted the final application for payment. Much of the work that the United States now claims to be deficient was previously approved, accepted, and paid for by the United States and/or their representatives. The United States disapproved S&M Management's final application for payment, which was submitted by S&M Management, to the United States, on or about November 28, 2001. There is a remaining balance in excess of $78,000, which the United States is presently withholding.

2. S&M Management performed all of the work required pursuant to the Contract. The work that was performed by S&M Management was inspected and ultimately approved by either Michael Shaughnessey, the United States' Technical Representative, or by Douglass Rod, who was also a representative of the United States.

The New Compensators

3. The United States has taken the position that S&M Management did not install new compensators on the pipes in manholes 18A, 18B, 18C, 18E, 25 and 25B, as well as a compensator in Building 1. S&M Management was not required to install new

compensators where none previously existed. Ultimately, the work performed by S&M in relation to the compensators was inspected and approved by Mr. Shaughnessey.

The Alleged Damaged Compensator

4. In its motion for summary judgment, the United States further argues that S&M Management damaged a compensator in Manhole 18C during installation. This is patently false, as S&M did not at any time damage such compensator. The work performed in relation to this Manhole was ultimately accepted by the Mr. Shaughnessey and/or Mr. Rod.

The Installation of a Valve in Manhole 25

5. Next, the United States argues that S&M Management failed to install a valve in Manhole 25. S&M Management performed all work necessary under the Contract in relation to Manhole 25, and did so in a neat and workmanlike manner. Such work was inspected and ultimately accepted by Mr. Shaughnessey and/or Mr. Rod. In addition, the main trunk line was fully operating at the time the project was complete.

The Installation of Manholes 18B and 18E

6. The United States further argues that Plaintiff did not properly install two new manholes – 18B and 18E. A joint existed between the two halves of the manholes, and piping and sleeves were approximately two feet from the interior floor of the manholes. Therefore, when determining the depth of the manholes, these factors had to be taken into account.

7. Woodward's Concrete Products prepared cut sheets which set forth exactly how these manholes would be installed. Douglass Rod expressly signed off on these cut sheets as "approved." A copy of the facsimile cover sheet from Douglass Rod to your declarant, dated July 17, 2000, along with the cut sheets, are annexed hereto as Exhibit A. The cut sheets do not include the installation of any waterproof membrane.

8. S&M Management installed manholes 18B and 18E in the manner set forth in these cut sheets. These manholes were installed at a depth and in a manner that would prevent potential future leaking. These manholes were ultimately inspected and approved by Mr. Shaughnessey.

9. The United States also claims that the tops of the manholes were not installed correctly, as they do not sit flush with the ground. This statement is patently false. The manholes were indeed installed properly, and were approved by the United States' representatives.

Insulation

10. Another argument set forth by the United States is that S&M Management did not use the proper insulation materials covering the pipes in the manholes and trenches.

Again, this claim is without any merit. The type of insulation used was pursuant to the terms of the Contract, was explicitly approved by Mr. Rod and/or Mr. Shaughnessey.

Salvatore Sciascia

Sworn to before me this
27th day of September, 2007

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Agnes B. Geiger, Notary Public
Milford Boro, Pike County
My Commission Expires Aug. 16, 2010

CERTIFICATE OF SERVICE AND FILING

I hereby certify that on this 1st day of October, 2007, a copy of the foregoing "DECLARATION OF SALVATORE SCIASCIA" was filed electronically. I understand that notice of this filing will be sent to all parties via the Court's electronic filing system. The parties may access this filing through the Court's system. The "DECLARATION OF SALVATORE SCIASCIA" was additionally served upon counsel for defendant, via regular mail at the following address:

Sean B. McNamara, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530

s/ Edmund C. Grainger, III

# EXHIBIT A

This transmission is intended only for the use of the person or office to whom it is addressed and may contain information that is privileged, confidential, or protected by law. All others are hereby notified that receipt of this message does not waive any applicable privilege or exemption from disclosure and that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately at the telephone number shown below. Thank you.

# VA HUDSON VALLEY HEALTH CARE SYSTEM

## Castle Point & FDR Montrose Campuses
## Carmel * Harris * Middletown * New City
## Port Jervis * Poughkeepsie * Somers * White Plains

P.O. BOX 100
MONTROSE, NY 10548-0100

**TO NAME:** SAL

**FAX #:** 570-296-2060

**PHONE #:** 570-296-5395

**FROM NAME:** DOUG

**FAX #:**

**PHONE #:**

**SUBJECT:** CASTLE POINT STEAM

**# OF PAGES** 12+COVER **DATE** 7/17

**COMMENTS:** APPROVED SUBMITTALS

# FAX

# CUSTOM ORDER SHEET

Title: S & M MANAGEMENT

Product: 2'x8' x2' MANHOLE

Date: 7/12/00 Page 1 of 1

**WOODARD'S**
CONCRETE PRODUCTS, INC.
LYBOLT ROAD, BULLVILLE, NY
(914) 361-3471 / Fax 361-1050




QUANTITY = 2

4000 psi. MIN. @ 28 DAYS

5% AIR ENTRAINMENT

#4+#5 REBAR

H20 LOAD DESIGN +30% IMPACT W/ 12" COVER

| | |
|---|---|
| FLOOR = 1.2 yd³ = 4,600 lbs | 10,000 lbs |
| 4'8" WALL = 1.4 yd³ = 5,400 lbs | |
| 54" RISER = 2.5 yd³ = 9,800 lbs. | |
| ROOF = 1.75 yd³ = 6,800 lbs. | |
| | 26,600 lbs. |

APPROVED
7/17/00

BOTTOM LAYER FOR ROOF REINFORCING DETAIL



07/17/2000 MON 14:26 FAX 7884283 ENGINEERING 003

JUL-12-00 11:46 AM WOODARD'S CONCRETE PROD. 914 3611050



# CUSTOM ORDER SHEET



Title: S & M MANAGEMENT

Product: 2'x8' x2' MANHOLE

Date: 7/12/00 Page 1 of 1

**WOODARD'S**
CONCRETE PRODUCTS, INC.
LYBOLT ROAD, BULLVILLE, NY
(914) 361-1471 / Fax 361-1050




- ☐ NO EXCEPTIONS TAKEN ☐ REJECTED
- ☐ MAKE CORRECTIONS NOTED ☐ RESUBMIT
- ☐ SUBMIT SPECIFIED ITEM ☐ DO NOT RESUBMIT

Checking is only for general conformance with the design concept of the project and general compliance with the information given in the contract documents. Any action shown is subject to the requirements of the plans and specifications. Contractor is responsible for dimensions, which shall be confirmed and correlated at the jobsite, fabrication processes, techniques of construction, coordination of his work with all other trades, and the satisfactory performance of his work.

DATE: 7/17/00 BY: Douglas B. Bird COTR

QUANTITY = 2

4000 psi. min. @ 28 days

5% air entrainment

#4 + #5 rebar

H20 load design + 30% impact w/ 12" cover

Floor = 1.2 yd³ = 4,600 lbs } 10,000 lbs
4 1/2" wall = 1.4 yd³ = 5,400 lbs }
54" riser = 2.5 yd³ = 9,800 lbs.
Roof = 1.75 yd³ = 6,800 lbs.
26,600 lbs.

**APPROVED** Douglas B. Bird 7/17/00

Bottom layer for roof reinforcing detail



# CUSTOM ORDER SHEET

Title: S & M MANAGEMENT

Product: 2'x8' RE' MANHOLE

Date: 7/12/00 Page 1 of 1

WOODARD'S
CONCRETE PRODUCTS, INC.
LYBOLT ROAD, BULLVILLE, NY
(914) 361-3471 / Fax 361-1050

QUANTITY = 2

4000 psi. min. @ 28 DAYS
5% AIR ENTRAINMENT
#4 + #5 REBAR
H20 LOAD DESIGN + 30% IMPACT w/ 12" COVER

Roof = 1.2 yd³ = 4,600 lbs } 10,000 lbs
42" WALL = 1.4 yd³ = 5,400 lbs }
54" RISER = 2.5 yd³ = 9,900 lbs.
Roof = 1.75 yd³ = 6,900 lbs.
26,600 lbs.




APPROVED 7/11/00

BOTTOM LAYER FOR ROOF REINFORCING DETAIL

