IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| S&M MANAGEMENT INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-155C<br>(Senior Judge Hodges) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PROPOSED FINDINGS OF FACT AND PLAINTIFF'S COUNTER-PROPOSED FINDINGS OF FACT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff respectfully opposes the defendant's proposed findings of fact and sets forth its counter-proposed findings of fact.

FINDING NO. 1

The VA awarded the contract at issue, No. VION3C-067, to S&M on September 29, 1999. Def. App. 353.

COUNTER-PROPOSED FINDING NO. 1

Plaintiff does not dispute the contents set forth in Finding No. 1.

FINDING NO. 2

The contract obligated S&M to excavate, remove, and replace more than 2000 feet of underground steam pipes at a VA facility in Castle Point, New York. Def. App. 99-100.

COUNTER-PROPOSED FINDING NO. 2

Plaintiff does not dispute the contents set forth in Finding No. 2.

FINDING NO. 3

S&M was required pursuant to the contract to dig down to the top of vaults housing the steam pipes, open the vaults, remove asbestos insulation from the vaults, then remove the steam pipes and their hangers, connections, and other appurtenances. Def. App. 99.

COUNTER-PROPOSED FINDING NO. 3

Plaintiff does not dispute the contents set forth in Finding No. 3.

FINDING NO. 4

The contract then called for the installation of various sizes of steam pipe accompanied by new hangers, connections, and appurtenances. Id.

COUNTER-PROPOSED FINDING NO. 4

Pursuant to the contract, the work to be performed by plaintiff was the "removal of existing steam lines, connections, hangers, etc. and the replacement with new steam lines, connectors, hangers, etc. As depicted on the contract drawings and as described in the Contract Specification" (Defendant's Appendix ("Def. App.") 100).

FINDING NO. 5

S&M was also required to install two new manholes, eight new manhole covers, and any steam vault covers found to be defective or damaged upon removal. Id.

COUNTER-PROPOSED FINDING NO. 5

Plaintiff does not dispute the contents set forth in Finding No. 5.

FINDING NO. 6

The contract required S&M to replace any surface materials removed or damaged during the project. Id.

COUNTER-PROPOSED FINDING NO. 6

The contract states that the "[w]ork also includes the replacement of any concrete, asphaltic concrete or asphalt surfaces that are removed during construction, and the replacement of any plant materials that are damaged, destroyed or removed" (Def. App. 99).

FINDING NO. 7

The VA issued S&M a notice to proceed on November 9, 1999, for a contract amount of

$598,000, which later increased to $678,449.89. Def. App. 355.

COUNTER-PROPOSED FINDING NO. 7

Plaintiff does not dispute the contents set forth in Finding No. 7.

FINDING NO. 8

At the close of construction, VA employees met with S&M to inspect the work completed. Def. App. 357. This inspection resulted in a list of deficiencies. Def. App. 357-360. The VA forwarded this list to S&M and requested that S&M properly complete the project. Id. S&M disputed the validity of a number of the items on the list and refused to complete the work without change requests. Def. App. 361-63.

COUNTER-PROPOSED FINDING NO. 8

Throughout the construction, the defendant's representatives inspected and approved the work performed by plaintiff (Declaration of Salvatore Sciascia, dated September 27, 2007 ("Sciascia Decl.") ¶ 2). The plaintiff performed all of the work pursuant to the contract (Sciascia Decl. ¶ 2). After the project was complete, the defendant claimed that the plaintiff's work was deficient, and sent plaintiff a list of these alleged deficiencies (Def. App. 357-60). Plaintiff disputed the validity of the items on the list (Def. App. 361-63).

FINDING NO. 9

The VA retained a portion of the contract price because S&M declined to complete the listed items. Def. App. 491. This retention is reflected in S&M's final application for payment, submitted on November 28, 2001, which sought a progress payment of $3,857.37 on a remaining balance of $75,603.99, plus a $6,000 retainage. Id. The VA disapproved S&M's application, and withheld the remaining contract funds pursuant to the contract's retainage clause, which provides that the "Contracting Officer may retain from previously withheld funds and future progress payments that amount the Contracting Officer considers adequate for protection of the Government and shall release to the Contractor all the remaining withheld funds." Def. App. 491, 57.

COUNTER-PROPOSED FINDING NO. 9

Plaintiff claims to have completed all of work pursuant to the contract (Sciascia

Decl. ¶ 1). Defendant's representatives approved the work performed by plaintiff pursuant to the contract (Sciascia Decl. ¶ 2). On November 28, 2001 plaintiff submitted a final application for payment to defendant (Def. App. 491). Defendant paid plaintiff pursuant to each and every previous application for payment which was submitted prior to the November 28, 2001 progress payment (Sciascia Decl. ¶ 1). The defendant ultimately disapproved the November 28, 2001 progress payment and withheld in excess of $78,000 from plaintiff on the basis that it believed the work performed by plaintiff was deficient (Sciascia Decl. ¶ 1).

FINDING NO. 10

The VA has not provided S&M with a specific list of costs associated with the uncompleted list items.

COUNTER-PROPOSED FINDING NO. 10

Plaintiff does not dispute the contents set forth in Finding No. 10.

FINDING NO. 11

The first item disputed by S&M, the installation of compensators (which absorb pipe movement caused by expansion and contraction), involved various manholes and a "Building 1." Def. App. 361, 363, 290, 509-10 (Lancto Declaration ¶ 6-10).

COUNTER-PROPOSED FINDING NO. 11

Plaintiff does not dispute the contents set forth in Finding No. 11.

FINDING NO. 12

The contract specifications required S&M to construct a "complete underground steam and condensate distribution system including all components such as piping, insulation, protective enclosures, valves, manholes, expansion devices, steam traps, corrosion protection and accessories." Def. App. 282. As part of this system, the specifications spell out the parameters for the expansion devices, and expansion compensators in particular. Def. App. 290-92.

COUNTER-PROPOSED FINDING NO. 12

Section 01010-2 of the Contract sets forth the work to be performed by plaintiff, which includes the "removal of existing steam lines, connections, hangers, etc. and the replacement with new steam lines, connectors, hangers, etc. as depicted on the contract drawings and as described in the Contract Specifications" (Def. App. 100).

FINDING NO. 13

The specifications do not provide specific detail regarding the location or quantity of expansion joints. The contract drawings, however, do provide such detail for the manholes, and the contract provides that "[a]nything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications, shall be of like effect as if shown or mentioned on both." Def. App. 76.

COUNTER-PROPOSED FINDING NO.13

The contract specifications do not provide specific detail regarding the location or quantity of expansion joints. The drawings themselves state that "[m]anhole configurations may not be precise, and are intended to depict the general arrangement of piping, valves, connections, etc. On-site inspection of each manhole is recommended to determine locations and conditions of steam system elements." (Def. App. 379, 505-06). The contract provides that "[a]nything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications, shall be of like effect as if shown or mentioned on both." Def. App. 76. The contract further states that "[i]n case of difference between drawings and specifications, the specifications shall govern." (Def. App. 76).

FINDING NO. 14

The contract also provides that "[a]ny work at variance with that specified or shown in the drawings shall not be performed by the contractor until approved in writing by the contracting officer." Def. App. 86.

COUNTER-PROPOSED FINDING NO. 14

Plaintiff does not dispute the contents set forth in Finding No. 14.

FINDING NO. 15

Drawings D-1 and D-2 show expansion joints present in the manholes. Def. App. 505-06, 509 (Lancto Declaration ¶ 7-8). These expansion joints are represented by either rectangles or trapezoids. Def. App. 505-06, 509 (Lancto Declaration ¶ 7).

COUNTER-PROPOSED FINDING NO. 15

Plaintiff opposes the contents of Finding No. 15 in their entirety, and refers to its Counter-Proposed Findings Nos. 12 and 13.

FINDING NO. 16

The drawings provide for expansion joints on all the pipes in manholes 18A, 18B, 18C, 18E, 25, and 25B, but S&M did not install joints on all the pipes. Def. App. 359-60, 509 (Lancto Declaration ¶ 8).

COUNTER-PROPOSED FINDING NO. 16

Plaintiff opposes the contents of Finding No. 16 in their entirety, and refers to its Counter-Proposed Findings Nos. 12 and 13.

FINDING NO. 17

The compensator in Building 1 was not shown on a drawing, but a compensator in this location was necessary to complete the pipe system properly. Def. App. 509-10 (Lancto Declaration ¶ 9).

COUNTER-PROPOSED FINDING NO. 17

None of the drawings showed any compensator in Building 1.

FINDING NO. 18

The VA has "located no documentation in the files that shows that S&M was given permission—by the contracting officer or anyone else working for the VA—not to install compensators in manholes 18A, 18B, 18C, 18E, 25, and 25B, or in Building 1." Def. App. 510 (Lancto Declaration ¶ 10).

COUNTER-PROPOSED FINDING NO. 18

Plaintiff opposes the contents of Finding No. 18 in their entirety, and refers to its Counter-Proposed Findings Nos. 12 and 13.

FINDING NO. 19

S&M damaged a compensator in Manhole I8C during installation, and the VA requested that S&M replace the unit. Def. App. 384, 510 (Lancto Declaration ¶ 11).

COUNTER-PROPOSED FINDING NO. 19

Plaintiff opposes the contents of Finding No. 19 in their entirety.

FINDING NO. 20

S&M gouged the compensator when grinding pipe in a manhole, compromising the compensator's structural integrity. Def. App. 510 (Lancto Declaration ¶ 11).

COUNTER-PROPOSED FINDING NO. 20

Plaintiff opposes the contents of Finding No. 20 in their entirety.

FINDING NO. 21

The submittal sheet for the compensator notes that the "heavy wall housing adds extra protection to the joint minimizing external damage." Def App. 527 (Exhibit H to Lancto Declaration).

COUNTER-PROPOSED FINDING NO. 21

Plaintiff does not dispute the contents set forth in Finding No. 21.

FINDING NO. 22

The VA has "located no documentation in the files that shows that S&M was given permission—by the contracting officer or anyone else working for the VA—not to replace the compensator it damaged in Manhole 18C." Def. App. 510 (Lancto Declaration ¶ 11).

COUNTER-PROPOSED FINDING NO. 22

Plaintiff opposes the contents of Finding No. 22 in their entirety.

FINDING NO. 23

The contract provides two separate warranty clauses. First, pursuant to FAR 52.246-21, the contract states that "the Contractor warrants ... that work performed under this contract is free of any defect in equipment, material, or design furnished, or workmanship performed by the Contractor . . ." Def. App. 80. The contract obligates the contractor to "remedy at the Contractor's expense any failure to conform, or any defect." Id. This clause is then repeated in the "general requirements" section of the contract. Def. App. 115-16.

COUNTER-PROPOSED FINDING NO. 23

Plaintiff does not dispute the contents set forth in Finding No. 23.

FINDING NO. 24

The contract also contains a guarantee clause, FAR 852.236-75, which provides that the "contractor guarantees that when installed all materials and equipment will be free from defects and will remain so for a period of at least one year from the date of acceptance by the Government." Def. App. 87.

COUNTER-PROPOSED FINDING NO. 24

Plaintiff does not dispute the contents set forth in Finding No. 24.

FINDING NO. 25

The contract contains a restoration clause requiring that "[u]pon completion of the contract, the Contractor shall deliver the work complete and undamaged." Def. App. 111.

COUNTER-PROPOSED FINDING NO. 25

Plaintiff does not dispute the contents set forth in Finding No. 25.

FINDING NO. 26

The drawing for Manhole 25 shows two new steam lines exiting the manhole in the direction of Manhole 25B. Def. App. 505.

COUNTER-PROPOSED FINDING NO. 26

Manhole 25 is on the main trunk line, which contains an existing valve (Def. App. 362, 379). The main trunk line was previously replaced, and neither the Specifications,

nor the drawings require any replacement work on the main trunk line (Def. App. 379). Plaintiff was required to hook into the existing equipment on the main trunk line and was not required to perform any replacement work (Def. App. 379). Defendant's representative, Mr. Shaughnessy and/or Mr. Rod, agreed with Plaintiff's interpretation of the Contract, as such representative inspected and approved the work performed (Sciascia Decl. ¶ 5) (Def. App. 361, 379).

FINDING NO. 27

Instead of replacing these steam lines in their entirety and connecting to the main trunk line with a new valve, S&M terminated the new piping outside of the manhole in the trench. Def. App. 383, 510 (Lancto Declaration ¶ 12).

COUNTER-PROPOSED FINDING NO. 27

Plaintiff opposes the contents of Finding No. 27 in their entirety, and refers to its Counter-Proposed Finding No. 26.

FINDING NO. 28

As a result of S&M's fabrication of a joint outside the manhole, repairs of the joint may be impossible without excavation. Def. App. 510 (Lancto Declaration ¶ 12).

COUNTER-PROPOSED FINDING NO. 28

Plaintiff opposes the contents of Finding No. 28 in their entirety, and refers to its Counter-Proposed Finding No. 26.

FINDING NO. 29

The contract required that S&M "[c]onnect new work to existing work in a neat and workmanlike manner." Def. App. 299.

COUNTER-PROPOSED FINDING NO. 29

Plaintiff does not dispute the contents set forth in Finding No. 29.

FINDING NO. 30

The VA has "located no documentation in the files that shows that S&M was given permission—by the contracting officer or anyone else working for the VA—to install these pipes in this manner." Id.

COUNTER-PROPOSED FINDING NO. 30

Plaintiff opposes the contents of Finding No. 30 in their entirety, and refers to its Counter-Proposed Finding No. 26.

FINDING NO. 31

S&M was required by the contract to install two new manholes, manholes 18B and 18E. Def. App. 288, 506.

COUNTER-PROPOSED FINDING NO. 31

Plaintiff does not dispute the contents set forth in Finding No. 31.

FINDING NO. 32

In an attempt to accomplish this contract requirement, S&M installed two pre-cast concrete manholes. Def. App. 379-380.

COUNTER-PROPOSED FINDING NO. 32

Manholes 18B and 18E were installed with the express consent and approval of Defendant's representative, Douglass Rod. The cut sheets which were used when installing these manholes set forth a way in which the manholes could be installed at a depth to avoid potential leaking (Def. App. 362, 380). Thus, Douglass Rod expressly signed off on these cut sheets as approved (Sciascia Decl. at Ex. A). Upon completion, the manholes were ultimately inspected and approved by Michael Shaughnessy (Def. App. 362, 380). Since the Defendant's the Technical Representative was given the power of "[r]eviewing and approving progress reports, technical reports, drawings and other items required for approval," and he approved the work upon completion, the work

has been accepted by the Defendant (Def. App. 530).

FINDING NO. 33

The contract required S&M to place a "waterproof membrane between mud slab and bottom concrete slab, and continue up sides to top of side walls." Def. App. 288. The specifications for this membrane were detailed in a separate section of the specifications. Def. App. 335.

COUNTER-PROPOSED FINDING NO. 33

Plaintiff opposes the contents of Finding No. 33 in their entirety, and refers to its Counter-Proposed Finding No. 32.

FINDING NO. 34

The purpose of the membrane is to prevent water from leaking into the manhole and doing damage to the pipes inside. Def. App. 511 (Lancto Declaration ¶ 15).

COUNTER-PROPOSED FINDING NO. 34

Plaintiff opposes the contents of Finding No. 34 in their entirety, and refers to its Counter-Proposed Finding No. 32.

FINDING NO. 35

S&M did not install any waterproof membrane on manholes 18B or 18E. Id.; Def. App. 383-84.

COUNTER-PROPOSED FINDING NO. 35

Plaintiff opposes the contents of Finding No. 35 in their entirety, and refers to its Counter-Proposed Finding No. 32.

FINDING NO. 36

The VA has "located no documentation in the files that shows that S&M was given permission—by the contracting officer or anyone else working for the VA—not to install waterproofing on these manholes." Id.

COUNTER-PROPOSED FINDING NO. 36

Plaintiff opposes the contents of Finding No. 36 in their entirety, and refers to its

Counter-Proposed Finding No. 32.

FINDING NO. 37

The tops of the manholes that S&M installed also do not sit flush with the ground. Def. App. 510-11 (Lancto Declaration ¶ 13-14), 529 (Exhibit I to Lancto Declaration).

COUNTER-PROPOSED FINDING NO. 37

Plaintiff denies the allegation that it installed these manholes improperly (Sciascia Decl. ¶ 9).

FINDING NO. 38

The contract contains no specific requirement that manholes be installed in such a manner, but common trade practice dictates such an installation. Def. App. 511 (Lancto Declaration ¶ 14).

COUNTER-PROPOSED FINDING NO. 38

Plaintiff opposes the contents of Finding No. 38 in their entirety, and refers to its Counter-Proposed Finding No. 37.

FINDING NO. 39

The specifications define the type of insulation required in trenches and manholes. Def. App. 304.

COUNTER-PROPOSED FINDING NO. 39

Section 15250 does not define any indoor or outdoor classification of insulation (Def. App. 339). The Plaintiff used "white Kraft paper bonded to aluminum foil, fiberglass reinforce, pressure sensitive adhesive closure" as insulation, pursuant to Section 02710-18. This insulation was specifically provided and approved for use by the DVA (Def. App. 380).

FINDING NO. 40

In both locations, "calcium silicate pipe insulation, glass cloth or aluminum jacket" is required. Id.

COUNTER-PROPOSED FINDING NO. 40

Plaintiff opposes the contents of Finding No. 40 in their entirety, and refers to its Counter-Proposed Finding No. 39.

FINDING NO. 41

The specifications draw a distinction between trenches and manholes and "[e]xposed piping in walk-through tunnels," which must be "insulated with fiberglass pipe insulation, all purpose jacket." Id.

COUNTER-PROPOSED FINDING NO. 41

Plaintiff opposes the contents of Finding No. 41 in their entirety, and refers to its Counter-Proposed Finding No. 39.

FINDING NO. 42

The types of insulation "jacket" are defined elsewhere in the specifications. Def. App. 299. Jackets for "Insulation Exposed to Weather" are defined as possessing minimum "0.016-inch thick aluminum with locking longitudinal joints." Id.

COUNTER-PROPOSED FINDING NO. 42

Plaintiff opposes the contents of Finding No. 42 in their entirety, and refers to its Counter-Proposed Finding No. 39.

FINDING NO. 43

An all-purpose jacket is defined as "White kraft bonded to aluminum foil, fiberglass reinforced, pressure sensitive adhesive closure." Id.

COUNTER-PROPOSED FINDING NO. 43

Plaintiff opposes the contents of Finding No. 43 in their entirety, and refers to its Counter-Proposed Finding No. 39.

FINDING NO. 44

S&M installed an "all-purpose jacket" in the trenches and manholes, not "calcium silicate pipe insulation, glass cloth or aluminum jacket." Def. App. 511 (Lancto Declaration ¶ 16).

COUNTER-PROPOSED FINDING NO. 44

Plaintiff opposes the contents of Finding No. 44 in their entirety, and refers to its Counter-Proposed Finding No. 39.

FINDING NO. 45

The type of insulation that S&M installed is inappropriate for trenches and manholes, which are potentially exposed to the elements. Id.

COUNTER-PROPOSED FINDING NO. 45

Plaintiff opposes the contents of Finding No. 45 in their entirety, and refers to its Counter-Proposed Finding No. 39.

FINDING NO. 46

The VA has "located no documentation in the files that shows that S&M was given permission—by the contracting officer or anyone else working for the VA—to install the type of insulation it installed in the trenches." Id.

COUNTER-PROPOSED FINDING NO. 46

Plaintiff opposes the contents of Finding No. 46 in their entirety, and refers to its Counter-Proposed Finding No. 39.

FINDING NO. 47

The contracting officer's delegation of authority to Michael Shaughnessy provided that one of Mr. Shaughnessy's duties was "[a]ssuring that changes in work under a contract are not implemented before written authorization or a contract modification is issued by the Contracting Officer." Def. App. 530.

COUNTER-PROPOSED FINDING NO. 47

Both Mr. Shaughnessy and Mr. Rod were involved in approving the work

performed by the Plaintiff. While a November 9, 1999 Memorandum does place some limitations on Mr. Shaughnessy, it does not place any limitations on Mr. Rod, or upon any other representative of Defendant. Pursuant to the November 9, 1999 Memorandum, Mr. Shaughnessy was given the authority to review and approve "progress reports, technical reports, drawings and other items required for approval" (Def. App. 530).

Although the November 9, 1999 Memorandum of the DVA does state that it "will remain in effect throughout the contract life unless sooner revoked in writing by the Contracting Officer or by your reassignment," it does not state the terms of the Memorandum cannot be orally modified. Throughout the project, either Mr. Shaughnessy or another one of Defendant's representatives approved the work performed (Sciascia Decl. ¶ 2). To the extent that these representatives repeatedly accepted such work, there was clearly an understanding between Plaintiff and Shaughnessy and/or any other representative that accepted the work performed, that such representative was authorized to accept this work.

FINDING NO. 48

The delegation explicitly forbade Mr. Shaughnessy from "[m]aking changes to contract provisions." Def. App. 531.

COUNTER-PROPOSED FINDING NO. 48

Plaintiff opposes the contents of Finding No. 48 in their entirety, and refers to its Counter-Proposed Finding No. 47.

FINDING NO. 49

S&M signed an acknowledgment of this delegation. Def. App. 532.

COUNTER-PROPOSED FINDING NO. 49

Plaintiff opposes the contents of Finding No. 49 in their entirety, and refers to its Counter-Proposed Finding No. 47.

Dated: White Plains, New York
October 1, 2007

Respectfully submitted,

McCULLOUGH, GOLDBERGER & STAUDT, LLP

By: ______________________
Edmund C. Grainger, III (EG-8019)
Attorneys for Plaintiff, S&M Construction
1311 Mamaroneck Avenue – Suite 340
White Plains, New York 10605
(914) 949-6400

CERTIFICATE OF SERVICE AND FILING

I hereby certify that on this 1st day of October, 2007, a copy of the foregoing "PLAINTIFF'S OPPOSITION TO DEFENDANT'S PROPOSED FINDINGS OF FACT AND PLAINTIFF'S COUNTER-PROPOSED FINDINGS OF FACT" was filed electronically. I understand that notice of this filing will be sent to all parties via the Court's electronic filing system. The parties may access this filing through the Court's system. The "PLAINTIFF'S OPPOSITION TO DEFENDANT'S PROPOSED FINDINGS OF FACT AND PLAINTIFF'S COUNTER-PROPOSED FINDINGS OF FACT" was additionally served upon counsel for defendant, via regular mail at the following address:

Sean B. McNamara, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530

s/ Edmund C. Grainger, III