# In the United States Court of Federal Claims

No. 06-155 C
(Filed: February 7, 2008)

| | |
|---|---|
| S & M MANAGEMENT INCORPORATED, Plaintiff, | * |
| v. | * |
| THE UNITED STATES, Defendant. | * |

## ORDER

The above-captioned case was reassigned to the undersigned on October 23, 2007. Presently before the court is defendant's partial motion for summary judgment. Defendant argues that all of the issues in the case can be resolved in its favor by applying the plain language of the contract. Plaintiff contests defendant's interpretation of the contract. Alternatively, plaintiff argues that even if defendant's contract interpretation is correct, it is not required to make the requested changes because (1) a representative of the Department of Veterans Affairs ("Department")–either Michael Shaughnessy or Douglas Rod[1]– inspected and approved the work during contract performance and (2) the Department paid for the work. In effect, plaintiff argues that Mr. Shaughnessy, Mr. Rod, and the Department modified the terms of the contract with their conduct.

Plaintiff's alternate argument–that the requested changes are unnecessary because the Department already inspected, approved, and/or paid for the work–becomes relevant if the court finds that defendant's interpretation of the relevant contract provisions is correct. However, plaintiff supplies no legal authority (i.e., contract provisions, statutes, or case law) supporting its alternate argument, and the court is unaware of any legal authority that does support plaintiff's alternate argument. Thus, the court directs plaintiff to file a supplemental brief, **no later than Friday, February 22, 2008**, addressing the following issues:

---

[1] In its brief in opposition to defendant's motion for partial summary judgment and the supporting declaration of Salvatore Sciascia, plaintiff refers to Mr. Rod as "Douglass Rod." Opp'n 3, 6, 15-16; Sciascia Decl. ¶¶ 2, 7; see also Sciascia Decl. Ex. A at 2-4 (containing the signature of Mr. Rod, which appears to read "Douglas S. Rod"). However, defendant, in its reply brief in support of its motion, refers to Mr. Rod as "Michael Rods." Reply 8.

- What legal authority supports the position that the November 9, 1999 delegation memorandum could be modified orally or by course of conduct?

- What legal authority supports the position that an individual without the express actual authority of the United States can modify the terms of a government contract?

- What legal authority supports the position that the inspection and approval of work performed by a contractor by the contracting officer's technical representative or other agency personnel constitutes ratification of modifications to a government contract?

- What legal authority supports the view that progress payments constitute the ratification of modifications to a government contract?

If defendant chooses to do so, it **may** file a responsive supplemental brief **no later than Friday, March 7, 2008**. However, defendant **shall** file, **no later than Friday, February 15, 2008**, those pages of the contract containing the provision(s) describing the authority and/or responsibilities of the contracting officer.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge